PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

**F I L E D**
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

## IN THE UNITED STATES DISTRICT COURT
### FOR THE ___Eastern___ DISTRICT OF TEXAS
### ___Beaumont___ DIVISION

OCT - 7 2019

JIMMIE MARK PARROTT, JR #1621316
Plaintiff's Name and ID Number

BY
DEPUTY_____

MARK STILES UNIT
Place of Confinement

CASE NO. 1:19cv475
(Clerk will assign the number)

Truncale-Giblin

v.

UTMB, Correctional Managed Health Care
301 University Blvd, Galveston, Texas
Defendant's Name and Address

Joni White
P.O. Box 99, Huntsville, Texas
Defendant's Name and Address

V. Davis
3060 FM, 3514 Beaumont, Texas
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

Continued.  __

Defendant's Name and Address

Y. Hall
3060 F.M. 3514 BEAUMONT, TEXAS

T. BRAZIL
3060 F.M. 3514 BEAUMONT, TEXAS

EMMA DAVIS
3060 F.M. 3514 BEAUMONT, TEXAS

EDWARD DELEON
3060 F.M. 3514 BEAUMONT, TEXAS

WARDEN SMITH
3060 F.M. 3514 BEAUMONT, TEXAS

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.   In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2.   If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*.  In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3.   The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee."   *See* 28 U.S.C. § 1915. Thus, the court is required to  assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4.   If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

    A.   Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓YES ___NO

    B.   If your answer to "A" is "yes", describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.   Approximate date of filing lawsuit: July 15, 2015

        2.   Parties to previous lawsuit:
            Plaintiff(s) Jimmie Mark Parrott
            Defendant(s) Brad Livingston, William Stephens, Eddy Baker, Pam Pace, Wilkers

        3.   Court: (If federal, name the district; if state, name the county.) Eastern District

        4.   Cause number: 6:15-cv-366

        5.   Name of judge to whom case was assigned: John D. Love

        6.   Disposition: (Was the case dismissed, appealed, still pending?) dismissed without prejudice

        7.   Approximate date of disposition: May 22, 2017

Rev. 05/15

II.   PLACE OF PRESENT CONFINEMENT: ___Mark Stiles Unit_____

III.  EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ✓YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A.  Name and address of plaintiff: ___Jimmie Mark Parrott, Jr. #1621310___
___3060 FM 3514___
___Beaumont, Texas 77705___

B.  Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: __University of Texas Medical Branch, Correctional Managed Health__
__Care Corporation, 301 University Blvd, Galveston, Texas 77555__
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
__Denial of Medical Care__

Defendant #2: __Joni White, Head of State Classification Committee, P.O. Box__
__99, Huntsville, Texas 77343__
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
__Denial of proper medical facility pursuant to a doctor's orders__

Defendant #3: __V. Davis, Unit Classification Committee, 3060 F.M. 3514__
__Beaumont, Texas 77705__
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
__Denial of proper housing pursuant to medical restrictions__

Defendant #4: __Y. Hall, Unit Classification Committee, 3060 F.M. 3514__
__Beaumont, Texas 77705__
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
__Denial of proper housing pursuant to medical restrictions__

Defendant #5: __T. Brazil, Unit Classification Committee, 3060 F.M. 3514__
__Beaumont, Texas 77705__
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
__Denial of proper housing pursuant to medical restrictions__

CONT------

Parties To Suit Cont. _ _

Defendant #6 : Emma Davis, General Nurse Practioner, 3060 FM. 3514
Beaumont Texas

Denial of adequate medical care

Defendant #7: Edward Delear; Sr. Medical Practice Manager / Health
Administrator at the Stiles Unit, 3060 F.M. 3514, Beaumont, Texas

Denial of adequate medical care.

Defendant #8: Warden Smith, Assistant Warden at the Stiles Unit, 3060
F.M. 3514, Beaumont, Texas

Denial of proper housing pursuant to medical restrictions, Denial of
proper medical facility pursuant to doctor's orders.

V.   STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

I was reassigned to the large Stiles Unit in violation of a doctor's medical recommandation by Joni White. Since I have been assigned to the Stiles Unit I have been housed in violation of my medical restrictions by V. Davis, Y. Hall, and T. Brazil. The UTMB, Correctional Managed Health Care Corporation has either implemented policy or failed to implement policy resulting in my denial of medical care. Emma Davis and Edward Deleon have denied me adequate medical care. Warden Smith has the authority to have me properly housed but refuses to do so. Each defendant has shown deliberate indifference to my serious medical needs. See: More Definite Statement of Facts Supporting Complaint

VI.   RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments. Cite no cases or statutes.

Issue a declaratory judgment, preliminary injunction, award compensatory and punitive damages, a trial by jury on all issues triable by jury, and any just and proper equitable relief this Court deems proper.

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Jimmie Mark Parrott, Jr., Jimmy Ray Narey, James Parrott

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

346540, 400162, 777900, 1165290, 1349350, 1621366

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES ✓NO

B. If your answer is "yes," give the following  information for every lawsuit in which sanctions  were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): N/A

2. Case number: N/A

3. Approximate date sanctions were imposed: N/A

4. Have the sanctions been lifted or otherwise satisfied? N/A ____YES ____NO

4

C. Has any court ever warned or notified you that sanctions could be imposed? _____ YES _✓_ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _N/A_

2. Case number: _N/A_

3. Approximate date warning was issued: _N/A_

Executed on: _9/23/2019_
                DATE

_Jimmie Mark Parrott, Jr_
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _23_ day of _September_, 20 _19_.
           (Day)                (month)              (year)

_Jimmie Mark Parrott, Jr._
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Beaumont Division

JIMMIE MARK PARROTT, JR.
        Plaintiff

V.

UTMB; CORRECTIONAL MANAGED
HEALTH CARE, ASSISTANT WARDEN
SMITH, JONI WHITE, V. DAVIS,
Y. HALL, T. BRAZIL, EMMA DAVIS,
AND, EDWARD DELEON
        Defendants

MORE DEFINITE STATEMENT OF
FACTS SUPPORTING COMPLAINT


Civil Action N°

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a) (3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202, Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

## II. PLAINTIFFS

2. Plaintiff is at all times mentioned herein a prisoner of the State of Texas custody of the TDCJ-ID. He is currently confined in the Stiles Unit Prison, in Beaumont, Texas.

## III. DEFENDANTS

3. Defendant Smith is the assistant warden at the Stiles Unit Prison. He is legally responsible for the operations of B building, and the safety and welfare for the prisoners housed in that building. He is sued in his individual and official capacities.

4. Defendant The UTMB Correctional Managed Health Care Corporation is under contract with the TDCJ-ID and legally responsible for the provisions of medical care to prisoners as required by the Texas Medical Board and those requirements governing the practice of medicine as set forth in the Texas Occupations Code. They are sued in their individual and official capacities.

5. Defendant Joni White is head of the State Classification Committee, hereinafter styled the S.C.C., and legally responsible for safety and welfare of prisoners requiring assignment to small medical facilities. She is sued in her individual and official capacities.

6. Defendant V. Davis oversees the Unit Classification Committee at the Stiles Unit, hereinafter styled U.C.C., and legally responsible for the safety and welfare for prisoners for proper housing on that facility. She is sued in her individual and official capacities.

7. Defendant Y. Hall oversees the U.C.C., and legally responsible for the safety and welfare for prisoners for proper housing on the Stiles Unit. She is sued in her individual and official capacities.

8. Defendant T. Brazil oversees the U.C.C., and legally responsible for the safety and welfare for prisoners for proper housing on the Stiles Unit. She is sued in her individual and official capacities.

9. Defendant Emma Davis is a General Nurse Practitioner and is generally responsible for ensuring the provisions of adequate medical care. She is sued in her individual and official capacities.

10. Defendant Edward Deleon is the Senior Medical Practice Manager/Administrator at the Stiles Unit. He is legally responsible for ensuring the provisions of medical care to prisoners and specifically for scheduling medical appointments outside the prison when a

prisoners need specialized treatment or evaluation. He is sued in his individual and official capacities. Each defendant acted under the color of state law

## IV  FACTS

11. On 7/25/16 plaintiff was given a major reconstructive back surgery at the UTMB, Galveston Hospital.

12. On 8/8/18 an X-ray was taken of plaintiff's back that revealed the surgery was a failure, causing him extreme pain and discomfort.

13. On 8/8/18 a medical recommendation was made to have plaintiff reassigned to a smaller medical facility on the UTMB side of Texas so that he can be seen by the surgeon who operated on him without delay, and so that he can get to the pill window to retrieve medications, and the chow hall to eat.

14. On 8/15/18 plaintiff was reassigned to the smaller geriatric medical facility named Powledge, located in Palestine Texas.

15. On 2/16/19 defendant Joni White had plaintiff reassigned to the Mark Stiles Unit in Beaumont, Texas in violation of the medical recommendation; Because Stiles is a very large facility plaintiff could not walk the distance to the chow hall 3x a day or retrieve medication at the pill window.

16. On 2/19/19 V. Davis, Y. Hall, and T. Brazil had plaintiff housed to 8 building 10 cell in violation of his medical restrictions

17. On 3/19/19 plaintiff was given a myelogram C.T. (X-Ray) of his back. It also revealed the urgent need for surgery.

18. On 3/28/19 plaintiff filed his medical request to Edward Deleon asking for help. See Exhibit A.

19. On 4/5/19 plaintiff was seen by Dr. Miller here at the Stiles Unit.

Dr. Miller read the results of the myelogram CT (X-Ray) and immediately called ortho-spine at Galveston Hospital and asked them why was plaintiff not there having surgery. He secured an appointment for 4/16/19 and told plaintiff "I'm very sorry that you have been suffering for so long for no reason. I can see from the myelogram CT why you are hurting".

20. On 4/16/19 plaintiff was denied the ortho-spine appointment and he was never transported to Galveston Hospital.

21. On 4/23/19 plaintiff filed his Step 1 grievance about denial of adequate medical care and the missed ortho-spine appointment. No response. General denial.

22. On 4/30/19 plaintiff was denied provider treatment. See Exhibit B

23. On 5/5/19 plaintiff filed sick call asking for help. No action taken. See Exhibit C

24. On 5/8/19 plaintiff filed another sick call asking for help. No action taken. See Exhibit D

25. On 5/14/19 plaintiff filed two sick calls asking for help. No action taken. See Exhibit E and F.

26. On 6/5/19 plaintiff filed his Step 1 grievance about improper housing, violating his medical restrictions. It was denied by Warden Smith.

27. On 7/15/19 plaintiff filed another sick call asking for help. See Exhibit G

28. On 7/19/19 plaintiff filed his letter to Mr. Deleon about denial of medical care by defendant Emma Davis. No action taken. See Exhibit H

29. On 7/23/19 plaintiff was taken to ortho-spine at Galveston Hospital.

30. On 7/23/19 plaintiff filed medical request to defendant Deleon about proper medication and reassignment to smaller medical facility. No action taken. See Exhibit I

31. On 7/24/19 plaintiff filed another sick call asking for help. No action taken. See Exhibit J.

32. On 8/5/19 plaintiff was seen again by Defendant Emma Davis. She refused treatment and told plaintiff that the TDCJ-FB does not have the money for him to have back surgery. This led to an argument between them. Plaintiff immediately filed a complaint to defendant Deleon. No action taken.

33. On 8/14/19 plaintiff filed his Step 2 grievance against Warden Smith for the denial of his step 1 grievance, improper housing.

34. On 8/14/19 plaintiff filed another sick call asking for help. No action taken. See. Exhibit K

35. On 8/16/19 plaintiff filed request for pain medications. See Exhibit L

36. On 8/19/19 plaintiff was seen by telemed doctor from UTMB Galveston Hospital and he ordered pain medication. Plaintiff was denied that medication by Stiles Unit staff.

37. On 8/20/19 plaintiff was once again seen by doctor Miller at the Stiles Unit. He again called ortho-spine. Recommended a smaller medical facility and gabapenton pain medication. No action taken by the UTMB medical staff, or U.C.C or S.C.C..

38. On 8/24/19 plaintiff filed two request asking for help. He was told that pain medication denied and no smaller unit transfer. See Exhibit M and N

39. On 8/28/19 plaintiff filed his request to Warden Smith asking for proper housing. No action taken. See: Exhibit O

40. On 8/27/19 plaintiff was transported back to Galveston Hospital for a Nerve Conduction test on his back and legs but he was denied treatment.

41. On 8/29/19 plaintiff filed his step 1 grievance about the denied Nerve Conduction appointment. See Exhibit P.

42. On 8/29/19 plaintiff filed his step 2 grievance about the missed ortho-spine appointment for 4/16/19. It was returned unprocessed. See Exhibit Q

Pg 5 of 9 Pgs

43. On 8/30/19 plaintiff filed another sick call asking for help. No Action Taken. See Exhibit R

44. On 9/1/19 plaintiff filed his letter to defendant DeLeon disclosing his deliberate indifferences to plaintiff's medical needs. See Exhibit S

45. On 9/5/19 plaintiff sent his official request to defendant DeLeon, and U.C.C.'s V. Davis, Y. Hall and T. Brazil asking for help. No action taken. See Exhibits T and U.

46. On 8/31/19 and 9/5/19 plaintiff filed his Step 1 and Step 2 grievances seeking medical help and compliance. Both were ultimately returned unprocessed. See Exhibit V.

47. On 9/6/19 plaintiff filed another Step 1 Emergency Grievance for the denial of adequate medical care. See Exhibit W

48. As of present date plaintiff still has not been taken to ortho-spine to be provided specialist treatment. It has been well over a year since he has been seeking orthopaedic treatment for an injury that is manifest in X-rays and doctor recommendations, and the defendants are well aware of this. The deliberate indifferences by the defendants have caused, and continue to cause, plaintiff to suffer in excrutiating unnecessary pain without proper pain management medications and the threat of more irreparable nerve damage in his back and legs. He is in need of surgery badly and the defendants do not care. He needs proper housing and unit assignment that the defendants are denying.

## V EXHAUSTION OF LEGAL REMEDIES

49. Plaintiff used, and continues to use, the prison grievance procedure at the Stiles unit to try and solve the problem to no avail.

# VI LEGAL CLAIMS

50. Plaintiff realleges and incorporate by reference paragraph 1-49

51. Defendant Smith's decision to not take action to have plaintiff Properly housed violated and continue to violate plaintiff's rights under the Eighth Amendment to the United States Constitution, causing him pain, suffering, and physical injury and emotional distress

52. Defendant UTMB Correctional Managed Health Care's policy to deny plaintiff Gabapentin, a nuro-nerve drug for pain that was prescribed by an orthopaedic specialist, and policy for not providing urgent orthopaedic treatment because of administrative back-logs and patient prioritization, and the UTMB's many medical staff's unwillingness to respond to plaintiff's urgent medical needs for over a year violate, and continue to violate, his rights under the Eighth Amendment to the United States Constitution resulting unnecessary pain, suffering, physical injury and emotional distress, supporting a finding of corporate liability

53. Defendant Jani White's failure to have plaintiff assigned to a smaller medical facility as recommended by a medical provider, when the need is manifest in his medical restrictions, violate, and continue to violate, plaintiff's rights under the Eighth Amendment to the United States Constitution causing him pain, suffering, and physical and emotional distress.

54. Defendants V. Davis, Y. Hall, and T. Brazil's failure to properly house plaintiff within his medical restrictions violate and continue to violate plaintiff's rights under the Eighth Amendment to the United States Constitution causing him pain, suffering, and physical injury and emotional distress.

55. Defendant Emma Davis' failure to provide adequate medical care for plaintiff's serious medical need for orthopaedic treatment by alleging that the TDCJ-ID does not have the money to pay for his back surgery constitute deliberate indifference to plaintiff's serious medical need violating, and continue to violate, his rights under the Eighth Amendment to the United States Constitution causing him pain, suffering, physical injury, and emotional distress.

56. Defendant Deleon's failure to make sure that plaintiff was taken to his specialist appointments outside the prison timely or otherwise, or to schedule specialist appointments for his serious medical need, or to secure plaintiff provider appointments for pain medication, or timely respond to plaintiff's Emergency Medical Grievance, when he is the Stiles Unit Medical Practice Manager / Health Administrator and policy require that he resolve medical matters timely and urgently, violate, and continue to violate, plaintiff's rights under the Eighth Amendment to the United States Constitution causing him pain, suffering, physical injury and emotional distress.

57. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the declaratory and injunctive relief which plaintiff seeks.

## VII PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully pray this Court enter judgment.

58. Granting plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States; and

59. A preliminary injunction and permanent injunction ordering the defendants to immediately transport plaintiff to a hospital for treatment and surgery by a qualified orthopaedic specialist; to have him reassigned to a smaller medical facility pursuant to a doctor's recommendation; provide proper pain management; and to provide post-surgery physical therapy by a qualified licensed physical therapist.

60. Granting plaintiff compensatory damages in the amount of $50,000 against each defendant;

61. Plaintiff seeks punitive damages in the amount of $50,000 against each defendant;

62. Plaintiff also seeks a jury trial on all issues triable by jury;

63. Plaintiff also seeks recovery of the cost in the suit; and

64. Any additional relief this Court deems just, proper, and equitable.

Dated: September 23, 2019

Respectfully Submitted.

Jimmie Mark Parrott, Jr

Stiles Unit/#1621310

3060 F.M. 3514

Beaumont, Texas 77705

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Beaumont, Texas on September 23, 2019

Jimmie M Parrott, Jr.

Jimmie Mark Parrott, Jr.

September 23, 2019

Honorable Judge:

I have been through pure misery for well over a year now trying to receive orthopaedic treatment and surgery to no avail. I am suffering constantly.

I have filed in the Tyler Division and had my case severed. I just discarded the whole matter and started anew. The case was one big mess and would have been too complicated unless I just started over.

I think you will find everything sufficient and appropriate. Will you please screen my case, grant IFP, and serve the defendants so that this Court retain jurisdiction to hear my order to show cause for a preliminary injunction and possibly appoint counsel. I have filed said motions.

I am hurting very badly. Please understand my position. I can not make the defendants help me for nothing. But you can! An attorney can! If I can not get some help I just do not know what I will do.

Thank you for your valuable time and concern.

Respectfully Submitted
Jimmie Mark Parrott, Jr
Stiles Unit / #16 21 310

PLEASE HELP ME!
PLEASE

In The United States District Court
Eastern District of Texas

JIMMIE MARK PARROTT, JR.
    Plaintiff

V.

THE UTMB, ET AL
    Defendants

ORDER TO SHOW CAUSE FOR AN
PRELIMINARY INJUNCTION

Civil Action N⁰

UPON the Supporting Complaint, it is:

ORDERED that defendants UTMB Correctional Managed Health Care Corporation, Joni White, V. Davis, Y. Hall, Emma Davis, Edward Deleon, and Warden Smith, T. Brazil show cause in room _____ of the United States Courthouse, 300 Willow, Beaumont, Texas on the _____ day of 2019, at _____ o'clock, why a preliminary injunction should not issue pursuant to Rule 65 (a) of the Federal Rules of Civil Procedure enjoining the defendants, their successors in office, agents and employees and all other persons acting in concert and participation with them to have plaintiff, Jimmie Mark Parrott, Jr., immediately transported to a hospital to be seen by a qualified orthopaedic specialist for evaluation and surgery; to make preparations to have him reassigned to a smaller medical facility to be housed not in violation of his medical restrictions; arrange for post-surgery physical therapy by a qualified specialist; and to provide proper pain management medications and treatment recommended by a licensed qualified orthopaedic doctor before and after surgery.

IT IS FURTHER ORDERED that the Order to show cause, and all other pages attached to the motion, be served on the plaintiff by    /   / 2019

_____
Presiding Judge

Dated:   /   / 2019
United States District Judge

Clerk                                          Sept 23, 2019
United States District Court
300 Willow Street, Suite 104
Beaumont, Texas 77701-2217

re: Civil Rights Suit

Dear Clerk:

  Enclosed is my civil rights law suit. Will you
please file said suit and present it to the Court for
screening.

                              Respectfully Submitted
                              Jimmie Mark Parrott
                              Stiles / #1621310
                              3060 F.M. 3514
                              Beaumont, TX 77705



Jimmie Mark Parrott, Jr
Stiles Unit / #1621310
3060 F.M. 3514
Beaumont, Texas 77705





CLERK U.S. DISTRICT COURT
RECEIVED
OCT - 7 2019
EASTERN DIST. OF TEXAS
BEAUMONT, TEXAS

LEGAL
MAIL
///

Clerk
United States District Court
300 Willow Street, Suite 104
Beaumont, Texas 77701