IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JIMMIE MARK PARROTT, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-475 |
| JONI WHITE, ET AL. | § | |

### MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jimmie Mark Parrott, Jr., a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Joni White, Vivian Davis, Yvette Hall, Tamina Brazil, Emma Davis, Edward Delone, and Kevin Smith.

The Court ordered that this matter be referred to a United States Magistrate Judge for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends granting the Motions to Dismiss filed by Defendants Joni White, Kevin Smith, and Tamina Brazil [Dkt. 51]; Defendant Emma Davis [Dkt. 57]; and Defendants Vivian Davis and Yvette Hall [Dkt. 64] to the extent that they are sued in their official capacities. The magistrate judge recommends denying the Motions with respect to Defendants Joni White, Vivian Davis, Yvette Hall, Tamina Brazil, and Emma Davis in their individual capacities. Finally, the magistrate judge recommends granting the Motions with respect to Defendant Kevin Smith in his individual capacity.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge [Dkt. 120] filed pursuant to such order, along with the record and the pleadings. Plaintiff filed Objections to the Report and Recommendation [Dkt. 125].

The Court has conducted a *de novo* review of the Objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). First, Plaintiff erroneously states that the Report and Recommendation addresses the claims against Defendant Edward Delone. In fact, the Report and Recommendation explicitly states that Defendant Delone has not been served with process and did not join in the Motions to Dismiss, and the magistrate judge did not make any recommendations regarding the claims against Defendant Delone. Therefore, this objection lacks merit.

Next, Plaintiff objects to the magistrate judge's determination that Defendant Smith was not personally involved in Plaintiff's medical treatment. Plaintiff argues that Defendant Smith was personally involved because he reviewed Plaintiff's administrative grievances, but an alleged failure to investigate an inmate's complaints does not rise to the level of a constitutional violation. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Finally, Plaintiff argues that the official capacity claims should not be dismissed because he is seeking injunctive relief. Plaintiff seeks a court order requiring the defendants to provide him with "proper medical care, pain medication, and [a] smaller medical facility assignment." (Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, Doc #124 at 1.) Defendants were ordered to respond to Plaintiff's Objections and address whether the named Defendants are capable of providing Plaintiff with the injunctive relief he seeks. Defendants Hall and White assert that they are unable to provide Plaintiff with the requested relief because they are retired from TDCJ. (TDCJ Defendants' Response, Doc. #131 at 2.)

Defendants Smith, V. Davis, and Brazil, who are members of the Unit Classification Committee assert that, because they are TDCJ employees and not medical providers, they do not have the ability to provide medical care or medication to Plaintiff. *Id*. In addition, they do not have authority to transfer Plaintiff to a different facility for medical reasons. *Id*. If Plaintiff's current facility is unable to meet his health needs, the unit medical department must initiate a transfer request for review by the State Classification Committee. *Id*. Citing Texas law regarding her scope of practice and her inability to dictate a course of treatment unless delegated by a medical specialist, Defendant E. Davis, a Nurse Practitioner, states that she is unable to send Plaintiff to the hospital for orthopedic surgery, provide him with the pain medication he seeks, or have him reassigned to a medical facility pursuant to a doctor's recommendation because those actions would require her to act beyond the scope of her professional authority. (E. Davis Response, Doc. #132 at 2.) Because these Defendants are not able to provide Plaintiff with the injunctive relief he seeks, the claims against them in their official capacities should be dismissed.

## ORDER

Accordingly, Plaintiff's objections are OVERRULED. The findings of fact and the conclusions of law of the magistrate judge are correct, and the report and recommendation of the magistrate judge is ADOPTED. Defendants' Motions to Dismiss are GRANTED to the extent that the claims against Joni White, Kevin Smith, Tamina Brazil, Emma Davis, Vivian Davis, and Yvette Hall in their official capacities are DISMISSED. Defendants' Motions to Dismiss are DENIED with the respect to claims against Joni White, Vivian Davis, Yvette Hall, Tamina Brazil, and Emma Davis

in their individual capacities. The Motion to Dismiss the claims against Kevin Smith in his individual capacity is GRANTED.

                **SIGNED this 10th day of January, 2022.**

                                            Michael J. Truncale
                                            United States District Judge