IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JIMMIE MARK PARROTT, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:19-cv-475 |
| JONI WHITE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jimmie Mark Parrott, Jr., a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 against Joni White, Vivian Davis, Yvette Hall, Tamina Brazil, Emma Davis, and Edward Delone.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. #124.) Defendants filed Responses to the Motion (doc. #172 and doc. #173), and Plaintiff filed Replies (docs. #181 and #182). Plaintiff also filed a Motion for Declaratory Judgment (doc. #152), which the court liberally construes as a Motion for Temporary Restraining Order and Preliminary Injunction. This Report and Recommendation considers the merits of the motions for injunctive relief.

Factual Background

Plaintiff alleges he had back surgery at a University of Texas Medical Branch (UTMB) hospital in Galveston on July 25, 2016. Following a back x-ray two years later, a medical

recommendation was made to assign Plaintiff to a smaller prison facility near the UTMB hospital. Initially, Plaintiff was assigned to a smaller prison facility, but on February 16, 2019, Plaintiff alleges Defendant Joni White, the head of the State Classification Committee, assigned him to the Stiles Unit. Although the Stiles Unit is close to the UTMB hospital in Galveston, Plaintiff alleges it is a large facility and he has to walk long distances to the pill window and the dining hall. In addition, Plaintiff contends that Defendants Vivian Davis, Yvette Hall, and Tamina Brazil, who are members of the Stiles Unit Classification Committee (UCC), gave him a cell assignment that violated his medical restrictions.

Plaintiff alleges another x-ray of his back was done on March 19, 2019, and it showed that he had an urgent need for surgery. On March 28, 2019, Plaintiff alleges he sent Defendant Edward Delone, the Stiles Unit Practice Manager, a request for medical treatment. On April 5, 2019, Plaintiff saw Dr. Miller, who reviewed the x-ray. Plaintiff alleges Dr. Miller called the orthopedic department at the UTMB hospital in Galveston. Plaintiff was scheduled for an orthopedic appointment on April 16, 2019, as a result of the call, but the appointment was later canceled. Plaintiff alleges he was denied treatment on April 30, 2019, and he submitted sick calls on May 5, May 8, and May 14, 2019. On July 23, 2019, Plaintiff was taken to the orthopedic clinic in Galveston.

Plaintiff alleges he saw Defendant Emma Davis on August 5, 2019. According to Plaintiff, Defendant Davis refused to treat him and told him that TDCJ does not have the money for his back surgery. On August 16, 2019, Plaintiff submitted a request for pain medication. Plaintiff had a tele-medicine appointment with a doctor from Galveston on August 19, 2019. Plaintiff alleges the doctor ordered pain medicine, but Plaintiff was denied that medicine by members of the medical staff at the

Stiles Unit. Plaintiff alleges he saw Dr. Miller again on August 20, 2019. Dr. Miller called the orthopedic clinic in Galveston, recommended that Plaintiff be sent to a smaller facility, and recommended that Plaintiff be prescribed Gabapentin for pain. Plaintiff alleges no action was taken on the recommendations.

On August 24, 2019, Plaintiff alleges he filed two requests for help, and he was told that he would not be reassigned to a smaller facility or given the specific pain medication he requested. On August 27, 2019, Plaintiff went to the hospital in Galveston for a nerve conduction test, but was allegedly denied treatment.

## Plaintiff's Motions for Injunctive Relief

Plaintiff requests a temporary restraining order and a preliminary injunction requiring the defendants to provide Plaintiff with specific pain medications, assign him to a smaller medical facility, and perform back surgery.

## Discussion

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 64 (5th Cir. 1990).

Although the Eighth Amendment does not explicitly mandate a certain level of medical care for prisoners, the cruel and unusual punishment clause has been interpreted to impose a duty on prison officials to provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 754 (5th Cir. 2001).

An Eighth Amendment claim consists of two components--one objective and one subjective. *Farmer*, 511 U.S. at 839. To satisfy the objective requirement, the plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002). The plaintiff must also demonstrate that the defendant was deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the defendant was aware of an excessive risk to the plaintiff's health or safety, and yet consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Stewart*, 174 F.3d at 534.

Under exceptional circumstances, the defendant's knowledge of a substantial risk of harm may be inferred by the obviousness of the risk. *Farmer*, 511 U.S. at 842; *Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Domino*, 239 F.3d at 756 ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."); *Stewart*, 174 F.3d at 534. Nor does an inmate's disagreement with his medical treatment amount to an Eighth Amendment violation. *Stewart*, 174 F.3d at 537; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Rather, the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Althought Plaintiff has alleged sufficient facts to state a claim, he has not shown a substantial likelihood that he will prevail on his claims. Plaintiff acknowledges that he has received medical treatment, although he disagrees with the treatment he has received. Because disagreements over medical treatment generally do not rise to the level of a constitutional violation, there is not a substantial likelihood of Plaintiff prevailing on the merits of his claims. Therefore, his motions for injunctive relief should be denied at this stage of the litigation.

**Recommendation**

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 7th day of September, 2022.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE