IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JIMMIE MARK PARROTT, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-475 |
| JONI WHITE, ET AL. | § | |

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jimmie Mark Parrott, Jr., a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brought this civil rights action pursuant to 42 U.S.C. § 1983 against Joni White, Vivian Davis, Yvette Hall, Tamina Brazil, Emma Davis, and Edward Delone.

The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge recommends granting Defendants' Motions for Summary Judgment. The magistrate judge also recommends dismissing the remaining claims against Defendant Delone pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Plaintiff filed objections to the Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

Plaintiff contends that the magistrate judge erroneously recommended dismissing the claims against Defendant Emma Davis for failure to exhaust administrative remedies because the administrative remedy system was not available to him. Plaintiff's claims against Defendant Emma Davis concern her alleged failure to provide him with medical treatment in July and August of 2019. Plaintiff filed an emergency grievance regarding these incidents, which was marked received by prison officials on September 4, 2019. [Dkt. 191-1 at 2-3.] The grievance was returned to Plaintiff without a written response because it was found to be redundant, and Plaintiff was told to refer to grievance #2019163616, which he had previously filed on August 1, 2019. [Dkt. 191-1 at 3.] Although the response to the grievance was initially due on September 15, 2019, prison officials notified Plaintiff that additional time was needed to complete the investigation of his grievance and to prepare a response. [Dkt. 191-1 at 33.] Instead of waiting for the response, Plaintiff filed this civil rights action, which was received by the court on October 7, 2019. Plaintiff's claim that the grievance system was unavailable to him lacks merit because Plaintiff received a response to his Step 1 grievance on November 25, 2019. [Dkt. 191-1 at 31.] Plaintiff filed a Step 2 grievance that same day, and he received a response on December 12, 2019. [Dkt. 191-1 at 29-30.] Thus, the magistrate judge correctly concluded that Plaintiff's claims against Defendant Emma Davis were unexhausted at the time he filed this action.

Plaintiff also objects to the magistrate judge's conclusion that Defendants are entitled to qualified immunity because Plaintiff failed to present a genuine issue of material fact as to whether Defendants were deliberately indifferent to Plaintiff's serious medical needs. For the reasons stated by the magistrate judge in the Report and Recommendation, Plaintiff's objections lack merit.

ORDER

Accordingly, Plaintiff's objections [Dkt. 240] are OVERRULED. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge [Dkt. 238] is ADOPTED. Defendants' Motions for Summary Judgment [Dkt. 191 and Dkt. 210] are GRANTED. A final judgment will be entered in accordance with the magistrate judge's recommendations.

**SIGNED this 16th day of March, 2023.**

Michael J. Truncale
United States District Judge